UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : Case No.: 3:25-mj-00326 |
| | : |
| **Plaintiff,** | : **MOTION OF THE UNITED STATES FOR** |
| | : **PRETRIAL DETENTION** |
| vs. | : |
| | : |
| **JEFFREY DORSEY,** | : |
| | : |
| **Defendant.** | : |

Pursuant to the Bail Reform Act, *see* 18 U.S.C. § 3142 *et seq.*, the United States moves for the pretrial detention of the defendant because no condition or combination of conditions will reasonably assure his or her appearance and/or the safety of any person or the community. Specifically:

A. <u>**NO REBUTTABLE PRESUMPTION OF DETENTION**</u>

In this case, although the Bail Reform Act does not create a rebuttable presumption that the defendant should be detained pending further proceedings, the Court nevertheless must consider whether the statutory factors weigh for or against pretrial release. *See* 18 U.S.C. §§ 3142(g)(1)-(4).

B. <u>**HEARING REQUIRED**</u>

The Bail Reform Act requires the Court to hold a hearing to determine whether to release or to detain the defendant because the United States requests such a proceeding and the case concerns:

- a crime of violence – namely, any offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or

property of another. *See* 18 U.S.C. §§ 3142(f)(1)(A) (requiring hearing) & 3156(a)(4) (defining crime of violence); *see also Pietila v. United States*, 2023 WL 4313162, at *1 (W.D. Mich. July 3, 2023) (holding that violations of 18 U.S.C. § 875(c) constitute a crime of violence within the meaning of the Bail Reform Act).

- a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. *See* 18 U.S.C. § 3142(f)(2)(B).

**C.    TIMING OF HEARING**

The United States requests that the Court set the detention hearing in three (3) business days (i.e., excluding any intermediate Saturday, Sunday, or legal holiday) and order the defendant detained pending that proceeding.   *See* 18 U.S.C. § 3142(f).

**D.    CONCLUSION**

Based on the foregoing as well any evidence and argument presented at the detention hearing in this matter, the United States respectfully submits that no condition or combination of conditions will reasonably assure his or her appearance and/or the safety of any person or the community.   The defendant therefore should be detained pending further proceedings.

KELLY A. NORRIS
Acting United States Attorney

s/ Ryan A. Saunders
RYAN A. SAUNDERS
Assistant United States Attorney
Attorney for Plaintiff
602 Federal Building
200 West Second Street
Dayton, OH    45402
Telephone: (937) 225-2910
Fax: (937) 225-2564