**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISON AT DAYTON**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | **Criminal No. 3:25-cr-63** |
| **Plaintiff,** | **:** | |
| | | **JUDGE WALTER H. RICE** |
| **v.** | **:** | |
| | | **UNITED STATES' SENTENCING** |
| | | **MEMORANDUM** |
| | **:** | |
| **JEFFREY DORSEY,** | | |
| | **:** | |
| **Defendant.** | | |

---

## **INTRODUCTION**

The United States respectfully requests that the Court sentence Defendant to a significant prison sentence. Defendant has committed a serious offense. He threatened a sitting member of the United States House of Representatives by calling the Washington, D.C. office and leaving the following voice message which stated, in part "If you vote to take my fucking Medicaid away, I'm gonna cut your fucking head off, [REP]. You fucking closet faggot fucking fucking piece of shit. You're an embarrassment, and a bag of shit as a man, and I can't stand you. So, fuck the hell off. But I tell you this, clearly to your brain, if you fuck with my Medicaid you're a dead fuck." Ex. 1. The United States intends to call an agent who will testify to contents discovered in Defendant's phone, as well as prior threats Defendant has made to law enforcement and members of his family. All of this evidence will be presented to the Court as it weighs the sentencing factors found at 18 U.S.C. § 3553(a). Defendant has shown through his past criminal conduct, including an assault in Bexley, Ohio in 2019, that he is capable of committing violent acts. PSR at paragraph 43; Ex. 4.

1

## FACTUAL BACKGROUND

As the facts related to the charges are accurately summarized in the Presentence Investigation Report ("PSR"), the United States respectfully incorporates by reference the offense conduct as detailed in paragraphs 8 through 11 of the PSR.

## THE CHARGES, PLEA AGREEMENT, AND GUIDELINE COMPUTATION

On July 29, 2025, the United States District Court for the Southern District of Ohio issued an arrest warrant for Defendant for violating 18 U.S.C. § 875(c), Interstate Communications with a Threat to Injure. Doc. No. 4. Defendant was arrested by the FBI Joint Terrorism Task Force and was denied bond. Doc. No. 15. Shortly thereafter, on August 12, 2025, the Grand Jury charged Defendant with Interstate Communications with a Threat to Injure. Doc. No. 19. On November 17, 2025, Defendant pleaded guilty to the sole count in the Indictment. Doc. No. 22.

The United States concurs with the Offense Level Computation. PSR at paragraph 70. Based upon a total offense level of 12 and a Criminal History Category of I, the advisory guideline imprisonment range is 10 to 16 months.

## ARGUMENT

### i.    Contested Guideline Issues

There are no contested guideline issues.

### ii.    Government's Recommended Sentence

The United States requests a significant sentenced be imposed by this Court to deter the Defendant and others from threatening members of Congress, and society writ large.

Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are "effectively advisory." *Id*. at 245. Nonetheless, the advisory nature

of the sentencing guidelines does not mean that they are irrelevant to the imposition of a sentence. As the Sixth Circuit has consistently held, district courts must consider the advisory guidelines range in imposing a sentence. *E.g.*, *United States v. Recla*, 560 F.3d 539, 548 (6th Cir. 2009) ("A district court must consider the advisory Guidelines range . . . ."); *United States v. Blackie*, 548 F.3d 395, 400 (6th Cir. 2008) ("The district court must also acknowledge 'the defendant's applicable Guideline range.'"). Indeed, the Guidelines "seek to embody the Section 3553(a) considerations, both in principle and in practice." *Rita v. United States*, 551 U.S. 338, 350 (2007). Thus, a sentencing court "must consult [the] Guidelines and take them into account when sentencing" to "provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities." *Booker*, 543 U.S. at 264 (internal quotation omitted).

a. **Defendant's Multiple Threats to Family and a Detective with the Dayton Police Department.**

History never repeats itself, but it rhymes. In this case, Defendant who was upset with the Congress' actions in passing the One Big Beautiful Bill Act, H.R. 1, 119th Cong. (2025), decided to call a sitting member of the United States Congress and threaten to kill him. Defendant has a history of threats to law enforcement and members of his family.

For example, on September 21, 2012, Defendant called the Montgomery County Regional Dispatch and threatened to shoot a detective with the Dayton Police Department. *See* PSR, paragraph 42. During the call, Defendant told dispatch, after they asked if he wanted to file a formal complaint, "No. Just let (the detective) know I'm going to shoot him in his f*** head."

On May 10, 2013, the stepmother of Defendant contacted the Greene County Sheriff's Office to report a menacing voice message left by the Defendant. In the voice message, Defendant stated to his stepmom that if she moves any of his items that are in her barn he would "cut her f***

3

head off." She told the police that Defendant had been previously arrested for assault, and she expressed her concerns that if he were there, she felt that he would hurt her. Ex. 2.

On October 27, 2015, a deputy with the Greene County Sheriff's Office was dispatched to a harassment complaint. Again, Defendant called his stepmom and left a message threatening to kill her and his sister if he did not receive photo albums of his deceased father. Ex. 3.

And lastly, on August 15, 2023, deputies with the Greene County Sheriff's Office responded to a complaint from Defendant's sister where he called his stepfather in Arizona and left him a voice message. Defendant's sister expressed concerns that her brother (defendant) may hurt her. In the recording, Defendant states, "My sister is a c*** who thinks manipulating a trial is her right. I'm going to beat her head in with a hammer until her brains are outside of her f*** skull." Defendant also threatened in the call to harm other family members that live out of state. Ex. 5.

### b. Communications on Defendant's Cell Phone.

The FBI Joint Terrorism Task Force conducted a court-authorized search of Defendant's phone. The history and characteristics of the Defendant contemplate a significant sentence be imposed in this case. In various Facebook messages, text messages, and other communication platforms on his phone, as will be detailed more fully during the sentencing hearing, Defendant shows disdain for President Trump and his supporters. ("I would like to cut Trump's head off right now"; "I want to Beat s*** out of Trumpers.") Dorsey exclaims that he hates Republicans, and he would like to shoot them all in the face. He has great disdain for the United States, wishing death on America and bemoans that those who wrote Project 2025 are fascist pigs. Defendant is also antisemitic. ("F*** Israel"; "America is Israel's B****"; "I hate Zionists"; "I'd like to Carpet Bomb Israel"). This Court must impose a significant sentence to deter Defendant and others from

4

threatening political violence against public officeholders. This conduct is un-American and antithetical to our system of government.

Below are screenshots of the messages from Defendant's phone that will be further explained during Defendant's sentencing hearing:









### c.  Threats to Other Lawmakers.

The United States Sentencing Guidelines (U.S.S.G) call for an advisory Guideline range of 10-16 months in prison. As this Court is well aware, the member of the United States House of Representatives, the victim in this case, is not the first public official to be threatened in the United States. The United States Capitol Police reports that threat assessment cases have climbed for the third year in a row.[1] In 2025, the USCP's Threat Assessment Section (TAS) investigated 14,938 concerning statements, behaviors, and communications directed against Members of Congress, their families, staff, and the Capitol Complex. This Court and society are aware of other state and federal elected officials throughout the country being targeted in politically motivated assassinations, attempts to assassinate, and violence.[2] These actions are un-American and distort

---

[1] United States Capitol Police (2026, January 27). *USCP Threat Assessment Cases for 2025*. https://www.uscp.gov/media-center/press-releases/uscp-threat-assessment-cases-2025 (last accessed May 22, 2026).

[2] United States Attorney's Office, District of Minnesota (2025, July 15). *Vance Boelter Indicted For The Murders of Melissa and Mark Hortman, The Shootings of John and Yvette Hoffman, and The Attempted Shooting of Hope Hoffman.* https://www.justice.gov/usao-mn/pr/vance-boelter-indicted-murders-melissa-and-mark-hortman-shootings-john-and-yvette-0 (last accessed May 22, 2026); United States Department of Justice, Office of Public Affairs (2025, July 15).

*Jury Convicts Man of Attempted Assassination of President Donald J. Trump and Assault of a Federal Law Enforcement Officer.* https://www.justice.gov/opa/pr/jury-convicts-man-attempted-assassination-president-donald-j-trump-and-assault-federal-law (last accessed May 26, 2026); United States Attorney's Office, District of Minnesota (2025, September 23).

*Minnesota Man Charged With Forcibly Assaulting Representative Ilhan Omar While She Engaged In Performance of Her Official Duties.* https://www.justice.gov/usao-mn/pr/minnesota-man-charged-forcibly-assaulting-representative-ilhan-omar-while-she-engaged (last accessed May 26, 2026); United States Attorney's Office, District of Minnesota (2026, January 29).

*Suspect in White House Correspondents' Dinner Shooting Charged with Attempt to Assassinate the President.* https://www.justice.gov/opa/pr/suspect-white-house-correspondents-dinner-shooting-charged-attempt-assassinate-president (last accessed May 22, 2026); United States Department of Justice, Office of Public Affairs (2026, April 27).

and erode the foundations of our American democratic society. These actions are often precipitated by threats made to these political officials.

## CONCLUSION

Based on the foregoing, the Government requests this Court sentence Defendant to a significant term of imprisonment followed by a three-year term of supervised release.

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney

s/ Ryan A. Saunders
Ryan A. Saunders
Assistant United States Attorney
Attorney for Plaintiff
Walter H. Rice Federal Building and U.S. Courthouse
200 West Second Street, Suite 600
Dayton, Ohio 45402
Office: (937) 225-2910
Fax: (937) 225-2564
E-mail: ryan.saunders2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

s/ Ryan A. Saunders
Ryan A. Saunders
Assistant United States Attorney